**SO ORDERED.**

**SIGNED this 08 day of May, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

**IN RE:**

**CONNIE TIPPETT,**

      **DEBTOR.**                                       **CASE NO. 08-00548-8-JRL**

_____

### ORDER

This case is before the court on the Chapter 13 trustee's motion to dismiss and a motion to dismiss, or in the alternative, to grant relief from the automatic stay, filed by Cheryl Goldstein ("Goldstein"), a creditor of Connie Tippett ("debtor"). On May 6, 2008, the court held a hearing on this matter in New Bern, North Carolina.

In August 2002, Goldstein filed suit against her former employers, the debtor and the debtor's corporation, Capital Search, Inc. ("Capital Search"), in the Superior Court of the District of Columbia, alleging race discrimination, in violation of 42 U.S.C. §1981 and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq.*, and religious and sex discrimination in violation of the DCHRA. In May 2003, Capital Search filed Chapter 7 in the United States Bankruptcy Court for the District of Columbia. In May 2006, Goldstein amended her complaint to include the Ward Registry, LLC ("Ward Registry"), as successor to Capital Search, and

Roscoe Tippett, the debtor's husband, for liability arising from Goldstein's § 1981 claim against Capital Search, Inc. The amended complaint also alleged a fraudulent conveyance, in violation of the Uniform Fraudulent Conveyance Act, D.C. Code § 2001 Ed. § 28-3101 *et seq.* In September 2007, the Superior Court for the District of Columbia scheduled a jury trial in the matter to begin February 11, 2008. On January 29, 2008, the debtor filed the present Chapter 13 petition. The debtor listed only one debt, Goldstein's claims against the debtor, which she valued at $1.00.

Goldstein contends that the debtor's bankruptcy case should be dismissed pursuant to 11 U.S.C. § 1307(c) because it was filed in bad faith. She contends that the totality of the following circumstances evidence the debtor's lack of good faith: (1) the debtor's factual misrepresentations in her petition and schedules, (2) the valuation of Goldstein's claim at $1.00 in light of her plan's proposal to pay Goldstein $1,800.00; (3) the pattern of the debtor's egregious behavior in an effort to frustrate the Superior Court litigation; and (4) the debtor's single creditor filing. Goldstein alternatively argues that she is entitled to relief from stay to permit the Superior Court litigation to proceed.

Bankruptcy petitions filed under Chapter 13 may be dismissed "for cause." 11 U.S.C. § 1307(c). Although Chapter 13 contains no explicit good faith requirement, the Fourth Circuit has found that lack of good faith in filing is sufficient cause for dismissal under § 1307(c). See In re Kestell, 99 F.3d 146, 148 (4th Cir. 1996). The good faith inquiry is a fact intensive determination, and courts have looked to many factors, including "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motivation in filing the petition; the debtor's treatment of the creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." In re Myers, 491 F.3d 120, 125 (3d Cir.

2007).

Based on the totality of the circumstances, the court concludes that the debtor's bankruptcy case was filed in bad faith. While several of the factors mentioned above are not applicable in this case, those that are applicable strongly suggest a lack of good faith. First, the timing of the petition is suggestive of bad faith because the bankruptcy petition was filed two weeks prior to commencement of the trial of the Superior Court litigation. Although the filing of a bankruptcy petition during the pendency of state court litigation is not necessarily in bad faith, In re James Wilson Assocs., 965 F.2d 160, 170-71 (7th Cir. 1992), the suspicious timing of a petition is an appropriate factor in the bad faith analysis. Id. That the bankruptcy petition was filed just two weeks prior to the trial of litigation that has been pending for nearly five and a half years is certainly suspicious.

Second, the debtor's sole purpose in filing Chapter 13 appears to be frustration of the Superior Court litigation. The debtor and her husband presently own unencumbered real estate in North Carolina worth close to $500,000.00 and have no debt. The debtor cannot honestly claim that the petition was filed to effectively reorganize the debtor's financial affairs because she lists no debt other than the contingent claim of the lawsuit. "Bankruptcy Courts may reasonably find that bad faith exists 'where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose.'" In re Myers, 491 F.3d at 125 (quoting In re Dami, 172 B.R. 6, 10 (Bankr. E.D.Pa. 1994)). In addition, the manner in which the debtor and her husband have structured their financial affairs, including the debtor's bankruptcy filing, suggests that the debtor and her husband are attempting to insulate themselves from the attachment of a potentially adverse judgment in the Superior Court litigation to their North Carolina entireties property. The court can think of no other

reason for the debtor's filing other than to prevent the Superior Court litigation from having this effect, since the litigation there will still proceed against her husband and his company.

Also bearing on the bad faith analysis is that it is not entirely clear that the debtor even qualifies for Chapter 13 relief. Under 11 U.S.C. § 109, only "an individual with regular income . . . may be a debtor under Chapter 13 of this title." However, the debtor testified at the May 6, 2008 hearing that she has no regular income. She is not employed and not yet eligible for Social Security benefits. She testified that her husband's social security is the only regular income received by the couple, and their savings account is in his sole name. However, the debtor's husband is not a co-debtor in this case, and there was no evidence suggesting that her husband provides her with a stream of payments that could be considered a regular source of income to fund a Chapter 13 plan.

Finally, the debtor has not been forthcoming with the court and her creditors because she has not accurately represented her debts. The debtor's schedules list Goldstein as her sole creditor. However, the debtor testified that she currently owes her attorney defending the Superior Court litigation approximately $2,000.00 to $3,000.00. Thus, the debtor's schedules do not provide an accurate representation of her debts as required by the Bankruptcy Code.

Based on these findings, the court concludes that the debtor's bankruptcy petition was filed in bad faith. Accordingly, the motions to dismiss are allowed.

**"END OF DOCUMENT"**